# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERGEI KOVALEV, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| | : | |
| CALLAHAN WARD | : | |
| 12TH STREET LLC *et al.*, | : | No. 21-2318 |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                                     JULY 8, 2021

The City of Philadelphia removed this trip-and-fall case to federal court because one of the claims arose under federal law. Stepping over the merits of Mr. Kovalev's complaint, the City has been tripped up by the procedural requirements for removal. The Court will grant Mr. Kovalev's motion to remand.

### BACKGROUND

Sergei Kovalev, who represents himself, alleges that he tripped on a section of the sidewalk along North 12th Street in Philadelphia. He alleges that he tripped because a slab of concrete was elevated three inches. When he fell to the ground, he suffered injuries to his face, head, shoulders, hands, and knees.

Mr. Kovalev's original complaint included 12 counts. He sued the City of Philadelphia, the Commonwealth of Pennsylvania, the Department of Transportation ("PennDOT"), the company that owns the property on 12th Street where he tripped, Callahan Ward 12th Street, LLC, and Marcus W. Toconita and Antonio R. Cutrufello, whom he alleges own and operate Callahan Ward 12th Street, LLC.

On May 20, 2021, the City removed the case to federal court. Five days later, Mr. Kovalev filed a motion to remand, and then, on June 15, Mr. Kovalev filed an Amended Complaint. The

1

Amended Complaint is substantively identical to his original Complaint, though it includes three additional § 1983 counts. Two of these counts added a variety of allegations that the City of Philadelphia is generally corrupt, and argues that this corruption caused the City to ignore "blatant" violations of municipal regulations—including the defective sidewalk he alleges he tripped on. The third count alleges that the City violated his First Amendment right to use the sidewalks by allowing them to fall into disrepair.[1]

## DISCUSSION

Mr. Kovalev moves to remand this case by arguing that (1) the Court lacks jurisdiction over this case, (2) the City needed the other defendants' consent to removal, (3) the City failed to file the notice of removal with the Court of Common Pleas, and (4) the City failed to send a copy of the Notice of Removal to Mr. Kovalev.

Although the Court concludes that it has jurisdiction, the City was indeed required to secure the consent of the other defendants. The City failed to do so. Because the Court accepts Mr. Kovalev's argument that remand is appropriate on this basis, it is not necessary to consider the other grounds for the motion for remand.

### I. Whether the Court has Jurisdiction

Mr. Kovalev argues that all of his claims arise under state law, not federal law, and that as a result the Court lacks jurisdiction. Both parties admit that there is no basis for diversity jurisdiction, so the only basis for jurisdiction is what is referred to as "federal question jurisdiction." Section 1331 of Title 28 of the U.S. Code gives federal courts jurisdiction over cases

---

[1] The fact that Mr. Kovalev filed an Amended Complaint is irrelevant to the Motion for Remand because jurisdiction is ascertained at the time of removal. *See Collura v. City of Phila.*, 590 F. App'x 180, 184 (3d Cir. 2014). Therefore, the Court will refer to the original complaint throughout the rest of this opinion. However, even if the Court considered the Amended Complaint, it would not change the outcome because it, too, includes claims arising under federal law, and the federal claims are only alleged against the City.

"arising under the Constitution, laws, or treaties of the United States." If none of Mr. Kovalev's claims arises under federal law, then this Court lacks jurisdiction and must grant his motion for remand.

All but one of Mr. Kovalev's claims arise under state law. Count X of his complaint alleges that the City violated 28 U.S.C. § 1983 by failing to investigate Callahan Ward 12th Street, LLC and its owners for failing to maintain the sidewalk. Mr. Kovalev alleges that this failure violated his constitutional rights.[2]

Mr. Kovalev argues that the Court lacks federal question jurisdiction because his § 1983 claim is based on a violation of state law. But this is not the case. Section 1983 is a federal statute. Moreover, § 1983 creates a cause of action for violations of rights secured by the Constitution or federal law. *See* 28 U.S.C. § 1983. It does not create a cause of action for violations of state law. *See id.* Therefore, Mr. Kovalev's argument is without merit.

Mr. Kovalev's back-up argument is that, even if his § 1983 claim raises a federal question, it is an immaterial "add-on" compared with his state law claims. But "[i]t is immaterial that a claimant in retrospect views h[is] federal claims as surplus, or after removal, moves to strike the federal claims." *Collura v. City of Phila.*, 590 F. App'x 180, 184 (3d Cir. 2014) (quoting *Ortiz–Bonilla v. Federación de Ajedrez de Puerto Rico, Inc.*, 734 F.3d 28, 36 (1st Cir. 2013)). Even if Mr. Kovalev thinks that his state law claims are "more important," that does not matter for purposes of federal question jurisdiction.

---

[2] Mr. Kovalev's original Complaint did not allege which of his constitutional rights he believed the City of Philadelphia violated. *See* Doc. No. 1 at 43-44. Mr. Kovalev's Amended Complaint is more specific—it alleges that the City of Philadelphia violated the Equal Protection Clause of the Fourteenth Amendment and the Free Speech Clause of the First Amendment. *See* Doc. No. 10 at 47-58. The original Complaint's failure to say exactly which provision of the Constitution was violated is immaterial to the motion to remand because, regardless of the constitutional right alleged, 28 U.S.C. § 1983 is a federal statute which, of course, leads to the Court's jurisdiction.

Finally, Mr. Kovalev points out that state and federal courts have concurrent jurisdiction over § 1983 claims. This is correct. But just because the state court could have considered his § 1983 claim does not mean that this Court cannot also do so if the case is properly removed.

For these reasons, the Court rejects Mr. Kovalev's argument that it lacks federal question jurisdiction over this case.

## II. Whether the Other Defendant's Consent to Removal Was Required

Even if federal question jurisdiction exists—which it does here—defendants must comply with a variety of procedural requirements to remove the case to federal court. In most cases, the removing defendant must secure the consent of all other defendants to remove the case. *See* 28 U.S.C. § 1446(b)(2)(A). But the City argues that § 1441(c), which creates an exception to this general rule, applies instead. Although the Court recognizes that there is a split of authority on this question, it concludes that § 1446(b)(2)(A), not § 1441(c), applies. Therefore, the City was required to secure the consent of all other defendants to remove this case. Because the City did not, removal was improper.

When § 1441(c) applies, it does not require the consent to removal of certain defendants. But there is a split of authority over what § 1441(c) requires for it to apply. Under the minority approach, there is only one requirement for removal: the non-consenting defendant must not have any federal law claims lodged against it. Under the majority approach, there is a second requirement: not only must the non-consenting defendant have only state law claims lodged against it, but those state law claims must also not fall within the court's supplemental jurisdiction. As a result, under the minority approach, the City would not need the consent of the Commonwealth of Pennsylvania, PennDOT, or the private defendants, because the § 1983 claim (the sole federal claim) was only lodged against the City. Under the majority approach, the City would require the

4

other defendants' consent, provided that the claims against them fall within the Court's supplemental jurisdiction.³

To understand the split of authority, it is necessary to consider § 1441(c) as a whole:

**(c)** Joinder of Federal law claims and State law claims.--**(1)** If a civil action includes--

**(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

**(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

**(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. **Only** defendants against whom a claim described in paragraph (1)(A) has been asserted **are required** to join in or consent to the removal under paragraph (1).

18 U.S.C. § 1441(c) (emphasis added).

It appears that the only court within this District to have considered this question adopted the minority approach, holding that a party defending against only state law claims did not have to

---

³ While the City of Philadelphia did not raise this point in its briefing, the Court notes that where a case is removed solely based on § 1441(a), the defendant need only secure the consent of those defendants that have been "properly joined and served." 28 U.S.C. § 1446(b)(2)(A). *See also Aetna Inc. v. Insys Therapeutics, Inc.*, 284 F. Supp. 3d 582, 584 (E.D. Pa. 2018). However, the Court has reviewed the state court docket, which shows that at least PennDOT was served before the City removed the case. It may be that defendants Callahan Ward 12th Street, LLC, Marcus W. Toconita, and Antonio R. Cutrufello were also served, but Plaintiff did not file the affidavit of service before the case was removed. But even if these defendants were not served, as discussed below, the City was still required to secure PennDOT's consent to removal.

5

consent to removal, even though the court had supplemental jurisdiction over the claims against that defendant. *Moore v. City of Phila.*, No. 12-cv-3823, 2012 WL 3731818, at *4 (E.D. Pa. Aug. 29, 2012). To reach this result, *Moore* focused on sub-section (c)(2), which states: "*Only defendants against whom a [federal question claim] has been asserted* are required to join in or consent to the removal under paragraph (1)." 18 U.S.C. § 1441(c)(2).

But the majority of courts, including in another Third Circuit district, have found that there is a second requirement for § 1441(c) to apply. *See Brooks v. Foglio*, No. 13-cv-2504, 2013 WL 3354430, at *5 (D.N.J. July 2, 2013). *Brooks* reasoned that the result reached in *Moore* only makes sense if one reads § 1441(c)(2) out of the context of the rest of § 1441. *Id.* at *5. The *Brooks* court noted that § 1441(c) as a whole applies only to actions involving both a federal claim and a non-federal claim that is not within the court's original or supplemental jurisdiction. *Id.* Therefore, because the court had supplemental jurisdiction over the non-removing defendants' claims, the § 1441(c) exception did not apply. *Id.* Instead, the usual unanimity requirement governed, and because the removing defendant had not secured the consent to removal of the other defendants, the case was remanded. *Id.*

*Brooks* is more persuasive than *Moore*. The clear majority of cases applying § 1441(c) have agreed with the *Brooks* approach.[4] Only two cases—including *Moore*—have adopted the

---

[4] *See Experience Infusion Ctrs., LLC v. Lusby*, No. CV H-17-1168, 2017 WL 3235667, at *3 (S.D. Tex. July 31, 2017); *Askew v. Metro. Prop. & Cas. Ins. Co.*, 217 F. Supp. 3d 982, 984-85 (E.D. Mich. 2016) ("§ 1441(c), of course, is limited to federal question cases joining unrelated or nonremovable claims."); *Caro v. Bank of Am., N.A.*, No. 5:14CV38, 2014 WL 2818672, at *3 (N.D.W. Va. June 23, 2014) (discussing and rejecting *Moore*); *Vinson v. Schneider Nat. Carriers, Inc.*, 942 F. Supp. 2d 630, 636 (N.D. Tex. 2013); *Marshall v. Boeing Co.*, 940 F. Supp. 2d 819, 823 (N.D. Ill. 2013); *Ettlin v. Harris*, No. SACV 13-1515, 2013 WL 6178986, at *4 (C.D. Cal. Nov. 22, 2013) (noting that most federal courts have held that § 1441(c) only applies if the court does not have original or supplemental jurisdiction over the state law claims); *Moore v. Svehlak*, No. 12-cv-2727, 2013 WL 3683838, at *7-8 (D. Md. July 11, 2013) ("Section 1441(c) has no application to a case, such as this one, in which federal question claims are combined with state law claims that form part of the same case or controversy . . . ."); *Huston v. Affinity Med. Sols., Inc.*, No. C12-

6

minority position. Neither case is persuasive because they do not consider the alternative interpretation, much less rebut it. *See Est. of Wines by Wines v. Blue Cross Blue Shield of Mich.*, No. 12-10906, 2012 WL 13013370, at *4 (E.D. Mich. June 18, 2012); *Moore*, 2012 WL 3731818, at *4. Indeed, the relevant language in § 1441(c) became law in December 2011, and *Moore* and *Estate of Wines by Wines* were both issued very soon thereafter in 2012. Since that inaugural year, no court has adopted that approach.

Some criticism of *Moore*, as another court has noted, comes from the concern that its approach would render § 1441(a)'s unanimity requirement "a nullity—all defendants would remove under 1441(c), avoid the rule of unanimity, and 1441(a) would have no purpose." *Ettlin v. Harris*, No. SACV 13-1515, 2013 WL 6178986, at *5 (C.D. Cal. Nov. 22, 2013). Where possible, courts adopt an interpretation that does not render other provisions of the statute mere surplusage. *See United States v. Portanova*, 961 F.3d 252, 259 (3d Cir. 2020) ("This Court's duty to give effect, where possible, to every word of a statute, makes the Court reluctant to treat statutory terms as surplusage." (quoting *Duncan v. Walker*, 533 U.S. 167, 167 (2001)). While surplusage might be acceptable if it was mandated by § 1441(c)'s plain language, it is not. Thus, *Brooks* is more consistent with § 1441(c)(1)'s clear instruction that the section as a whole only applies if there are claims over which the court does not have supplemental or original jurisdiction.

In sum, § 1441(c) is a limited exception that exempts defendants from the unanimity requirement for removal only if the claims against them are so unrelated to the rest of the case that they constitute a different "case or controversy." Therefore, the next question is whether the Court has supplemental jurisdiction over the other state law claims in this case. If it does, then the City

---

5202 TEH, 2012 WL 6087394, at *2 (N.D. Cal. Dec. 6, 2012); *Shipley Garcia Enters., LLC v. Cureton*, No. M-12-cv-89, 2012 WL 3249544, at *12 (S.D. Tex. Aug. 7, 2012).

7

was required to secure the consent of the other defendants to remove the case, and its failure to do so would mean that the case must be remanded.

Courts have "supplemental jurisdiction over all claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). The claims form a part of the same case or controversy if they "'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 349 (1988) (alteration in original) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966)). "The test for a 'common nucleus of operative facts' is not self-evident." *Lyon v. Whisman,* 45 F.3d 758, 760 (3d Cir. 1995). However, the test is met "when the same acts violate parallel federal and state laws" or where state and federal claims are "merely alternative theories of recovery based on the same acts." *Id.*

Here, the test for supplemental jurisdiction is met. All of these claims arise out of the same event: Mr. Kovalev tripping on an allegedly defective sidewalk. Although not all facts are common to all of Mr. Kovalev's claims, there is a substantial overlap of issues, including how Mr. Kovalev tripped, whether the sidewalk was defective, why the sidewalk was defective, and whether the defendants' alleged failure to act was negligent, reckless, or more. Accordingly, the interest of judicial economy is "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Carnegie–Mellon Univ.*, 484 U.S. at 349 (quoting *United Mine Workers*, 383 U.S. at 725).

Because the Court has supplemental jurisdiction over the non-federal claims, § 1441(c) does not apply, and the City was obligated to obtain the other defendants' consent to removal.

Because it did not do so, Mr. Kovalev's motion to remand will be granted. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE